## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## BEAUFORT DIVISION

HERMAN ANTHONY WALLACE,    )    C/A No.: 9:05-cv-2950-MBS
    )
    Plaintiff,    )
    )
vs.    )    **O R D E R**
    )
M.A. JOHNSTON, SC state trooper, A.G.    )
WILSON, SC state trooper, COUNTY OF    )
SUMTER, and SOUTH CAROLINA    )
HIGHWAY PATROL,    )
    )
    Defendants.    )

Plaintiff Herman Anthony Wallace, appearing *pro se*, filed an action pursuant to 42 U.S.C. § 1983, against M.A. Johnston ("Johnston"), A.G. Wilson ("Wilson"), the County of Sumter ("County"), and the South Carolina Highway Patrol ("Highway Patrol") on October 31, 2005. (Compl. (Entry 1).) Plaintiff filed an Amended Complaint on December 13, 2005. (Am. Compl. (Entry 8).) Plaintiff alleges he was falsely detained and arrested during a traffic stop by Defendants Johnston and Wilson. (*Id.* at 3-4.) Further, Plaintiff contends that Defendant Highway Patrol inadequately trains its officers about racial profiling. (*Id.* at 6.) Plaintiff alleges violation of his rights under the Fourth and Fourteenth Amendments. (*Id.* at 3-5.)

Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge George C. Kosko for pretrial handling. On March 6, 2006, Defendant County filed a motion for summary judgment. By Order issued March 7, 2006, in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and of the possible consequences if he failed to respond adequately. (Roseboro Order (Entry 34).) Plaintiff responded on April 7, 2006.

On June 16, 2006, Defendants Johnston, Wilson, and Highway Patrol filed a motion for summary judgment. (Mot. for Summ. J. (Entry 53).) Another *Roseboro* Order was issued June 19, 2006. (Roseboro Order (Entry 54).) After the Magistrate Judge granted Plaintiff extensions of time on July 18, 2006 and September 19, 2006, Plaintiff had until September 29, 2006 to file a response to the summary judgment motion. The Magistrate Judge issued a Report and Recommendation on October 3, 2006 recommending that the court dismiss Plaintiff's action for failure to file a timely response. (Report and Recommendation (Entry 62).) On October 6, 2006, the Clerk's Office received Plaintiff's response to the summary judgment motion which was dated September 29, 2006. On October 19, 2006, Plaintiff filed an objection to the Magistrate Judge's recommendation indicating that his response was timely. As Plaintiff is incarcerated, his response is deemed to be filed when submitted to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266 (1988). For this reason, on December 18, 2006, the court declined to adopt the Magistrate Judge's recommendation and recommitted the matter to the Magistrate Judge for further proceedings.

On January 9, 2007, the Magistrate Judge issued a Report and Recommendation recommending the court grant Defendants' summary judgment motions. (Report and Recommendation (Entry 69).) On January 26, 2007, Plaintiff requested an "additional 45 days to file objections to [the] Report and Recommendation." (Pl.'s Mot. for Enlargement of Time.) The court granted Plaintiff an extension of time. Plaintiff filed objections to the Report and Recommendation on March 12, 2007. On March 13, 2007, Defendants Johnston, Wilson, and Highway Patrol filed a reply to Plaintiff's objections.

2

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

## I. FACTS.

The facts underlying Plaintiff's claims are set forth in the Report of the Magistrate Judge. (Report and Recommendation, 3-4.) Briefly, Plaintiff, an African-American, was a front seat passenger in an automobile traveling on a highway in Sumter, South Carolina on or about October 18, 2002. (Am. Compl. 3.) Defendant Johnston, a highway patrol trooper, observed the vehicle and initiated a traffic stop. (*Id.*)

The parties' accounts of the ensuing events differ substantially. Plaintiff alleges that Defendant Johnston stopped the vehicle, possibly because of his race and the race of the vehicle's driver, John Jackson ("Jackson"). (*Id.* at 3-4.) Further, Plaintiff alleges that, on the night in question, Defendant Johnston and Defendant Wilson, an African-American highway patrol trooper, searched the car because Plaintiff and Jackson "looked dangerous." (*Id.*) In contrast, Defendant Johnston states that "[a]t the time of my decision to initiate the traffic stop, it was dark and I was unable to determine anything about the vehicle's occupants' appearances." (Mot. for Summ. J., Ex. 1, 3.) Defendant Johnston contends that the impetus for conducting a traffic stop was that the vehicle was being driven in an erratic manner. (*Id.*) During the investigatory stop, Defendant Johnston

3

submits "notic[ing] the occupants of the vehicle behaving in what I perceived to be a strange and

unusual manner. Specifically, Mr. Jackson and the plaintiff were acting nervous, fidgeting in the

vehicle, and/or would not look me squarely in the eye. I knew something was not right." (*Id.* at 1.)

Shortly after the stop, Defendant Wilson arrived to assist Defendant Johnston.  (*Id.* at 2-3.)

Defendant Wilson states:

> I proceeded to the passenger's side of the vehicle and began to speak
> to the passenger, who I later determined was plaintiff Herman
> Wallace. In so doing, I noticed that the plaintiff was behaving in what
> I perceived to be a strange and unusual manner. Specifically, the
> plaintiff was acting nervous, fidgeting in the vehicle, and would not
> look me squarely in the eye. I knew something was not right.
> Concerned for my safety, I requested that the plaintiff exit the vehicle.
> Upon his opening of the passenger door, the plaintiff immediately
> began to run. Within a few steps, I grabbed the plaintiff with my right
> hand, wrapped both of my hands around his torso, and took him to the
> ground. Trooper Johnston assisted me in this apprehension. The
> plaintiff struggled extensively and resisted our attempts to detain him.
> In our attempt to handcuff the plaintiff, I heard Trooper Johnston yell
> "Gun!" Thereafter, a revolver was recovered from the plaintiff's
> possession.

(Mot. for Summ. J., Ex. 2, 2.) Plaintiff alleges that Defendants "told us to exit the car because we

look suspicious and that we look like we dont [sic] belong in a car nice as this. Subsequent to

stepping outside the vehicle the officers, [sic] took it upon themselves to search the car for no reason

and search me and Mr. Jackson for no reason." (Am. Compl. 4.) Plaintiff claims that the

Defendants' search found "nothing illegal." (*Id.*)

Defendant Johnston alleges he arrested the Plaintiff after discovery of the firearm. (*See* Mot.

For Summ. J., Ex. 5.) Plaintiff was charged with violation of the South Carolina gun law and with

resisting arrest. (*Id.*) On or about November 19, 2002, a preliminary hearing was conducted in

connection with these charges. (*Id.*) At that time, the presiding state judge issued a finding of

4

probable cause, as reflected in the arrest warrants. (*Id.*) For the state gun charge, the arrest warrants notes: "MA Johnston did observe a silver handgun in the waistband of Mr. Wallace's pants, pursuant to a lawful traffic stop." (*Id.* at 1.) For the resisting arrest charge, the arrest warrant states: "[Plaintiff] did run on foot pursuant to a lawful traffic stop and consent search. [Plaintiff] also resisted arrest physically until restrained" by Defendants. (*Id.* at 2.) Upon determining that the Plaintiff had previously been convicted of multiple felonies, a subsequent arrest warrant was issued for being a convicted felon in possession of a handgun. (*Id.* at 3.) However, on about July 11, 2003, the criminal charges against Plaintiff were dismissed.[1]

The Magistrate Judge recommended that Defendant County's motion for summary judgment be granted because Defendants Johnston and Wilson are not employed by Defendant County, and the County had no involvement in the incident. Additionally, the Magistrate Judge found that Plaintiff presented insufficient evidence to survive summary judgment on his claims that Defendants Johnston and Wilson conducted an unlawful stop or improper arrest of Plaintiff. The Magistrate Judge concluded that Defendants Johnston and Wilson acted in an objectively reasonable manner under the totality of the circumstances. The Magistrate Judge further found that Plaintiff failed to establish a claim of racial profiling because he has not shown that similarly situated individuals not of a protected class were not prosecuted or detained in similar situations. The Magistrate Judge also found that Defendant Highway Patrol was entitled to summary judgment with respect to Plaintiff's claims of failure to properly train or for negligent supervision. The Magistrate Judge further determined that Defendants Johnston and Wilson were entitled to qualified immunity and that

---

[1]  Affidavit of the Assistant Solicitor indicates the dismissal was due to the State's failure to obtain information about the arrest from Sergeant T.L. Herbert of the Highway Patrol. (*See* Mot. For Summ. J., Ex. 3.)

Defendant Highway Patrol was entitled to Eleventh Amendment immunity. Therefore, the Magistrate Judge recommended that Defendants be granted summary judgment on Plaintiff's claims.

## II.    DISCUSSION.

Plaintiff first objects to the Magistrate Judge's finding that the traffic stop was lawful. Specifically, Plaintiff disputes that the vehicle was being driven by Jackson in an erratic or improper manner. (Pl.'s Objections 2.) Plaintiff argues that Defendant Johnston did not have a reasonable suspicion to conduct an investigatory stop of the vehicle. The court disagrees.

As a general matter, "the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996). Any traffic violation, even a minor one, gives an officer justification to conduct a traffic stop. *Id.* For example, the Fourth Circuit has upheld an officer's decision to conduct a stop of a vehicle being driven erratically. *See Harris v. City of Virginia Beach*, 11 Fed. App'x 212 (4th Cir. 2001). Plaintiff's objection is without merit.

Plaintiff next objects to the Magistrate Judge's finding that the arrest was lawful. Specifically, Plaintiff disputes that Defendant Johnston had probable cause for an arrest. The court disagrees.

The Fourth Amendment is not violated by an arrest based on probable cause. Probable cause exists when the facts and circumstances are "sufficient to warrant a prudent man in believing that the [individual] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964). The testimony of Defendant Johnston and Defendant Wilson indicates that Plaintiff was acting nervously, fidgeting in the vehicle, and not looking at them squarely in the eye. Both officers reported that "something was not right." Concerned for their safety, Defendant Wilson asked

6

Plaintiff to step out of the vehicle. Upon exiting the vehicle, Plaintiff began to run and was apprehended by the officers. During his apprehension, the officers noticed a revolver in Plaintiff's possession. The officers placed Plaintiff under arrest. Following Plaintiff's arrest, a preliminary hearing was conducted at which a state judge made a finding of probable cause, as reflected by arrest warrants corroborating the testimony of the Defendant officers. Thus, Plaintiff's objections are without merit.

Plaintiff objects to the Magistrate Judge's finding that Defendants Johnston and Wilson are entitled to qualified immunity. The test of qualified immunity for police officers sued under 42 U.S.C. § 1983 is whether in performing discretionary functions, "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001). To determine whether Defendants Johnston and Wilson should have known that they were violating Plaintiff's constitutional rights, the court must consider first whether the rights were clearly established and, if so, then whether reasonable officers would have understood that what they were doing violated those rights. If no constitutional right was violated, the inquiry ends and the officers are entitled to immunity. *Id.; Jackson v. Long*, 102 F.3d 722, 730 (4th Cir. 1996).

The actions of the Defendants do not constitute a violation of Plaintiff's constitutional rights. The record supports the Magistrate Judge's conclusion that there was a lawful traffic stop and that the officers had probable cause to arrest Plaintiff. Under these circumstances, Plaintiff's constitutional rights were not violated. Therefore, the Magistrate Judge correctly found that Defendants are entitled to qualified immunity.

Finally, Plaintiff alleges that the Magistrate Judge's denial of certain discovery requests prevented him from demonstrating Defendant Highway Patrol's policy of racial profiling.

7

Specifically, Plaintiff contends the Magistrate Judge erred in denying him discovery on all other complaints of racial profiling, harassment, and false arrest lodged against Defendant Highway Patrol from 1990 to 2006. The court disagrees.

A district judge "may reconsider any pretrial matter" assigned to a magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The court has reviewed the Magistrate Judge's handling of discovery and concludes that the Magistrate Judge appropriately managed the process. For example, the Magistrate Judge allowed Plaintiff extensive discovery into whether any racial profiling, harassment, or false arrest complaints had ever been previously filed against the Defendant officers. Plaintiff's rejected requests were not similarly narrowly tailored, and the Magistrate Judge appropriately denied them as overly broad.

## III.    CONCLUSION.

For the reasons stated herein and in the Report and Recommendation of the Magistrate Judge, the summary judgment motion of Defendant County (Entry 33) and the summary judgment motion of Defendants Johnston, Wilson, and Highway Patrol (Entry 53) are **granted**.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

March 30, 2007
Columbia, South Carolina

8